In the Matter of the Estate of WILLIAM HALSEY, deceased.

An order of a surrogate denying the application of one having no direct or contingent interest in the fund, to intervene in proceedings to compel an executor to pay over a legacy, is in his discretion ; it involves no substantial right, and so is not reviewable here.

So, also, as to an order of the Supreme Court refusing to stay such proceedings, pending proceedings *de lunatico inquirendo* against the legatee.

A surrogate has the right to determine the form of his own order, and his order denying an application for a resettlement of a prior order, is not reviewable here.

A surrogate's order requiring an executor to account, and directing a reference to ascertain his place of residence and whether he has an office in the State is preliminary and not final, and so not reviewable here.

Upon an application to compel an executor to pay a legacy due and payable, it was conceded that the executor had on hand the means of payment ; he opposed, on the ground that proceedings *de lunatico* against the legatee were pending. It appeared there had been a trial in said proceedings before a jury who had rendered a verdict of sanity ; the inquisition, however, had not been confirmed. The surrogate's order directed the payment, and this was affirmed by the Supreme Court. *Held*, that the proceedings *de lunatico* were no defense unless they affected the validity of the payment ; that, conceding the Supreme Court had the care of the property of the alleged lunatic *from the time of the filing* of the petition, that court, with the facts before it, having declined to interfere to prevent the legatee from receiving her legacy, the payment would be valid; the order, therefore, affirmed.

(Argued June 5, 1883 ; decided June 12, 1883.)

THESE were appeals from various orders of the General Term of the Supreme Court, in the first judicial department, made January 17, 1883.

Maria Halsey, as the widow and residuary legatee of William Halsey, deceased, presented a petition to the surrogate of the city and county of New York, praying that William Halsey, Jr., the executor of said decedent, be required to settle his accounts and pay over to the petitioner the amount to which she is entitled as such legatee ; also that he revoked his letters testamentary as said executor, on the ground that he is not and was not, at the time of the issuing of such letters, a resident of this State and had no place of business therein, and had given no bond as executor. Said executor was appointed in January, 1879 ; the petition was presented in July, 1881. The answer of the executor admitted his non-residence, but alleged he had a place of business in New York. He also averred that Ida M. Ingersoll, a granddaughter of the testator, had in February, 1881, instituted proceedings *de lunatico inquirendo* against the said legatee; that commissioners were appointed therein, and in May, 1881, after a hearing before the commissioners and a jury, the latter rendered a verdict pronouncing Mrs. Halsey sane. That cross motions were made on one side to confirm the verdict; on the other, to set aside the inquisition, which were still pending.

The surrogate made a decree in said proceedings, dated March 2, 1882, directing said executor to render an account, and, also, that as it appeared the executor had in his hands a sum exceeding $70,000, which the petitioner was entitled to as residuary legatee, directing the payment of that sum to her. The order also appointed a referee to take and report the proofs upon the issue as to whether the executor had a place of business in the State, and as to the amount of money in the executor's hands to which the petitioner was entitled. Pending said proceedings, said Ida M. Ingersoll made an application to said surrogate for leave to intervene and for an order reciting her appearance; this was denied by the surrogate. Said Ida M. Ingersoll also applied to the Special Term of the Supreme

Court, upon an affidavit setting forth the lunacy proceedings, for an order restraining the proceedings before the surrogate, on the petition of Mrs. Halsey, and the payment of the money. This motion was denied. The executor made application to the surrogate for a resettlement of the order of March 2, 1882, and the insertion therein of certain recitals. This was denied by order of the surrogate, dated April 5, 1882. From these orders and decrees of the surrogate, and from the order of Special Term, appeals were taken by the executor and by said Ida M. Ingersoll, to the General Term, where they were in all respects affirmed, and from the orders of affirmance appeals to this court were taken.

Further facts appear in the opinion.

*S. P. Nash* for William Halsey, executor, etc., appellant. The executor held the funds in his hands in a fiduciary character and could not discharge himself by paying them over to the parties presumptively entitled, unless they were *sui juris*. (Perry on Trusts, §§ 401, 624.) Transactions with persons of doubtful mental capacity are governed by the rule that parties dealing with them in good faith, and without any ground to suspect unsoundness of mind, are protected in respect to executed contracts, but this rule does not protect transactions executory in their character, or entered into with notice of unsoundness of mind. (*Mut. L. Ins. Co.* v. *Hunt*, 79 N. Y. 541; *Riggs* v. *Am. Tract Society*, 84 id. 330; *Elliot* v. *Ince*, 7 De G., M. & G. 475; 79 N. Y. 545; *Banker* v. *Banker*, 68 id. 409.) Persons having notice of the pendency of proceedings in lunacy are bound to guard against their possible result. (Code, §§ 2320–2336; *L'Amoureaux* v. *Crosby*, 2 Paige, 422; *Griswold* v. *Miller*, 15 Barb. 520; *Wadsworth* v. *Sharpstein*, 8 N. Y. 388; *Curtis* v. *Stillwell*, 32 Barb. 354.) The decree of the surrogate is no protection, unless a voluntary payment by the executor, made without the decree, would be. (Code, § 2552.) The jurisdiction conferred in respect to this proceeding is an extremely limited one, and when the answer of the executor raises questions legitimately bearing upon the propriety of the

order asked for, the surrogate's jurisdiction is at once ousted, and the proceeding should be dismissed. (*Hurlbut* v. *Durand*, 88 N. Y. 121; *Riggs* v. *Cragg*, 89 id. 479.) The proceeding was defective in not being based on the petition of the party. (*People* v. *Smith*, 45 N. Y. 772.) When a motion to dismiss raises the same point which is involved in the appeal, it should be denied. (*O. & L. Co.* v. *V. & C. Co.*, 63 N. Y. 176.) In such a settlement, wherein all parties would be before the court, a direction to pay the amount claimed on behalf of Mrs. Halsey would probably have protected the executor. It was error to refuse to have them brought in. (*Riggs* v. *Cragg*, 89 N. Y. 479.)

*Alfred B. Cruikshank* and *Samuel Hand* for Ida M. Ingersoll, appellant. From the moment the petition in lunacy was filed and the commission ordered, Mrs. Halsey was presumptively insane, was adjudicated so to be, and her property in this State was in the custody of this court. (Code, §§ 2320, 2321; Const., 1846, art. 6, § 3; present Const., art. 6, § 6; 2 R. S. 52, § 1; Laws of 1874, chap. 446; *Ex parte Tomlinson*, 1 V. & B. 57; Shelford on Lunacy [2d ed.], 82, 100, 128, 129; 2 Crary's Spec. Proc. 8; Code, §§ 2325, 2327; *L'Amoureaux* v. *Crosby*, 2 Paige, 422, 427; *Griswold* v. *Miller*, 15 Barb. 520; *Lady Marr's Case*, Ambler's Ch. 82; *In re Frank*, Feb. 26, 1825.) The verdict of the jury has no judicial effect till it is passed upon by the court, and there is no legal presumption in its favor. (Code, § 2336; *Snith* v. *Carll*, 5 Johns. Ch. 118; 2 Paige 422; 15 Barb. 520.) The adjudication of Mrs. Halsey's insanity remaining in force, the proceedings before the surrogate sought to be staid by the motion of the petitioner were in contempt of the Supreme Court. (*Griswold* v. *Miller*, 15 Barb. 520; *L'Amoureaux* v. *Crosby*, 2 Paige, 422; *Matter of Heller*, 3 id. 199.) The injunction or restraining order asked for is in accordance with the former and present practice in such cases both in England and the United States. (*Matter of Heli*, 3 Atkyns, 635; *Lady Marr's Case*, Ambler's Ch. 82; Shelford on Lunacy, 100, 127; *In re Lawler*, 8 Irish Eq.

Series, 506, 514; Elmer's Practice in Lunacy, 11; *L'Amour-eaux* v. *Crosby*, 2 Paige, 422; *Matter of Heller*, 3 id. 199.) The decree was one made in a special proceeding commenced in a Surrogate's Court and cannot be heard as a motion. (Laws 1876, chap. 449, § 2, subd. 1; 1 Wait's Pr. 438; Code of Civil Pro., p. 190, subd. 3, §§ 3333, 3334; Code of Pro., § 318.) Mrs. Ingersoll was entitled to intervene in the proceeding. (Code, § 2731; 1 Redfield on Wills, 434; *Areson* v. *Areson*, 3 Denio, 458, 461; Code, § 2514, subd. 11; *Matter of Greeley*, 15 Abb. [N. S.] 393; *Norton* v. *Lawrence*, 1 Redf. 473.)

*Jno. E. Parsons* for respondent. The surrogate's order for the payment of $70,000 was not a final order. (Redfield's L. & P. Sur. Cts. [2d ed.] 791; *Clapp* v. *Fullerton*, 34 N. Y. 190; *Cruger* v. *Douglass*, 2 id. 571; *Young* v. *Smith*, 15 Peters, 287; *Produce B'k* v. *Morton*, 67 N. Y. 203; *Chittenden* v. *Miss. Society*, 8 How. Pr. 327; *Stone* v. *Morgan*, 10 Paige, 615; *R. R. Co.* v. *Swasey*, 23 Wall. [U. S.] 405, 410; *Williamson* v. *Field*, 2 Barb. Ch. 281; *Swarthout* v. *Curtis*, 4 N. Y. 415; *Tompkins* v. *Hyatt*, 19 id. 534; *Dows* v. *Congdon*, 28 id. 122; *Walker* v. *Spencer*, 86 id. 162; *Kane* v. *Whittick*, 8 Wend. 219, 225; *Johnson* v. *Everett*, 9 Paige, 638; *Smith* v. *Lewis*, 1 Daly, 452; *Belmont* v. *Pouvert*, 3 Robt. 693, 697.) The order directing the executor to pay over $70,000 was properly made. (*Doveson* v. *Powell*, 16 How. Pr. 467; *Salinger* v. *Lusk*, 7 id. 430; *Baker* v. *Bailey*, 16 Barb. 54; *Elton* v. *Markham*, 20 id. 343; Stephen on Pleading, 246; 2 Chitty on Pleading, 647; *King* v. *Say*, 11 Paige, 238; *Sherman* v. *N. Y. Central Mills*, 1 Abb. Pr. 187; *Blake* v. *Eldred*, 18 How. Pr. 240.) Every person is presumed to be of sound mind until determined to be otherwise. (*Coffey* v. *Ins. Co.*, 3 J. & S. 314; *Weed* v. *Ins. Co.*, id. 386; *Brotherton* v. *The People*, 18 Alb. L. J. 395; *Gardner* v. *Gardner*, 22 Wend. 526.) Section 2719 of the Code confers complete jurisdiction upon the surrogate in the premises. (*People* v. *Wasson*, 64 N. Y. 187; *Wright* v. *Fleming*, 12 Hun, 469; *Wordsworth* v. *Lyon*, 5 How. Pr. 463; *Fellows* v. *Heermans*, 13 Abb. Pr. [N. S.] 1; *Bennett* v. *Le-*

*Roy,* 14 How. Pr. 178.) The appeal is properly upon the motion calendar. (Code, §§ 190, 192; Redfield's L. & P. Sur. Cts. [2d ed.] 791; *Clapp* v. *Fullerton,* 34 N. Y. 190; *Chittenden* v. *Mess. Society,* 8 How. Pr. 327; *Cruger* v. *Douglass,* 2 N. Y. 571; *Stone* v. *Morgan,* 10 Paige, 615; *R. R. Co.* v. *Swasey,* 23 Wall. 405, 410; *Williamson* v. *Field,* 2 Barb. Ch. 281; *Swarthout* v. *Curtis,* 4 N. Y. 415; *Tompkins* v. *Hyatt,* 19 id. 534; *Dows* v. *Congdon,* 28 id. 122; *Walker* v. *Spencer,* 86 id. 162; *Kane* v. *Whittick,* 8 Wend. 219; *Johnson* v. *Everett,* 9 Paige, 638; *Smith* v. *Lewis,* 1 Daly, 452; *Belmont* v. *Pouvert,* 3 Robt. 693, 697.)

FINCH, J. The appeals taken by Mrs. Ingersoll must be dismissed. The order of the surrogate, denying her application to intervene in the proceeding before him, and that of the Special Term, refusing to stay such proceeding, were each in the discretion of the court, and involved no substantial right.

The surrogate's order of April 5, 1882, denying the executor's motion for a resettlement of the order of March 2, is also not appealable. The surrogate had a right to determine the form of his own order. What he intended to decide was for him to say, and not for an appellate court to dictate.

As it respects the order of March 2, we can only review the direction which requires the executor to pay over to Mrs. Halsey $70,000 upon her legacy. The provisions, commanding the executor to account, and ordering a reference to ascertain his place of residence and whether he had an office in this State, were preliminary, and not final; but the order to pay was necessarily final as it respected the sum involved, and affected a substantial right. That order, however, should be affirmed. The legacy was due, and payable, and it sufficiently appeared that the executor had on hand the means of payment. The sole ground of resistance was the pendency of proceedings in lunacy against the legatee. These had reached the point of a trial before the jury summoned for the purpose, and a verdict in favor of sanity, but the inquisition had not been confirmed.

These proceedings were no defense to the executor unless they affected the validity of his payment. It is claimed that they did; that they raised a presumption of insanity; that the verdict was of no consequence until confirmed; that the court might refuse to confirm, and on another hearing the verdict be changed. It is further said that the Supreme Court has the care of Mrs. Halsey's property, not merely from the appointment of a committee, but from the filing of a petition and the order for a commission granted thereon. If all this be admitted, the answer is that such court, with all the facts before it, and the power to lay its hand on this fund, has declined to do so. It does not deem it a duty to prevent the legatee from receiving her own money. The tribunal having jurisdiction over the fund permits her to receive it, and should do so with the verdict of the jury before it, unless it sees some reason for setting that aside. It is enough that it declines to interfere, and having so refused, it has practically adjudged that there is nothing in Mrs. Halsey's mental condition which makes her receipt of her own money unsafe and imprudent. After such a decision by the court in which the proceedings are pending, and a peremptory order by the surrogate to pay to her, there cannot be a doubt of the validity of the payment. Whatever else may happen, the executor will be in no danger of a second demand for the same money. The order of March 2 should, therefore, be affirmed, with costs.

All concur.

Ordered accordingly.