The Surrogate.
Counsel for contestants herein has submitted certain proposed findings, upon the various questions involved in the controversy recently decided by the Surrogate, touching the genuineness and validity of the paper propounded as this decedent’s will. It is objected, by proponent’s counsel, that, at this stage of the proceedings, the Surrogate, having rendered his decision, has no authority to pass upon proposed findings. This objection is not well taken, and finds no support in the decision of the Court of Appeals in Gormerly v. McGlynn (84 N. Y., 285), cited by proponent’s counsel. That cause was tried at special term of the Supreme court, one of the tribunals to which § 1023 of the Code of Civil Procedure has undisputed application. This section provides that requests to find shall be presented before a cause is finally submitted to a judge or referee; and, according to the decision in Gormerly v. McGlynn, it has done away with the proceedings, in that regard, prescribed by the thirty-second of the General Rules of Practice, before its recent amendment. But with § 1023 Surrogates’ courts have no concern (see Code Civ. Pro., § 3347, subd. 7). By § 2545, however, it is expressly declared that, upon the settlement of a case, either party may request a finding upon any question of fact, or a ruling upon; any question of law (Hartwell v. McMaster, 4 Redf., 389; Matter of Chauncey, 32 Hun, 430).
Proponent having made an application for an extension of time to make, and serve a copy of, a *260 case upon appeal from the decree rejecting the alleged will, the following opinion was filed, April 14th, 1885 :
The Surrogate.
This is an application for an extension of time, within which to make a case on appeal. It is urged, in opposition, that the Surrogate is powerless to grant it, because of the fact that the security required by § 2577 of the Code of Civil Procedure has not been filed, and that, accordingly, the appeal is for no purpose effectual. It is true that, for the reason specified, the appeal is as yet incomplete, but the time within which it may be perfected has not yet expired.
Rule 32 of the General Rules of Practice provides that, on appeal from this court, a case must be made and served within ten days after service of a copy of the decree or order appealed from; but it also provides that further time may be allowed by the Surrogate. Rule 33 declares that, if a party omits to make a case within the time limited by rule 32 (that is, within ten days, plus such further time, if any, as may have been allowed), he shall be deemed to have waived his right thereto.
Now, if the opposition to this application is well founded, and the time for making a case cannot be enlarged while the appeal is still unperfected, it follows that the appellant .must, at the peril of utterly losing his right to a review of such alleged errors as took place at the trial, but are not part of the record, either prepare and serve a case within precisely ten days, or within the ten days file security. No such *261 result can have been contemplated by the statute regulating the procedure on appeal, or by the Rules of Practice above cited.
Section 2572 of the Code provides that an appeal by a party must be taken within thirty days after service of a copy of the decree or order from which the appeal is taken. Section 2577, as has been stated already, requires that an undertaking shall be given, before such appeal can be made effectual.
I think that these requirements and the requirements of the Rules are entirely independent of each other, and that the Surrogate may, at any time after the entry of the decree or order sought to be reviewed, extend the time for making and serving a case, even though the appeal has not been perfected, provided that the time for perfecting it is as yet unexpired (Salls v. Butler, 27 How. Pr., 133).
Application granted.