Phœbe Angevine et al., Respondents, *v.* John M. Jackson, Executor, etc., Appellant.

To authorize the General Term, on appeal from a decision of a surrogate upon trial of issues of fact, to review the findings, either of fact or law, the case must show that proper exceptions were taken as prescribed by the Code of Civil Procedure (§ 2545). The appeal brings up for review only questions thus raised by exceptions.

A general exception to the surrogate's decree to each and every part thereof is insufficient.

(Argued October 18, 1886; decided November 23, 1886.)

Appeal from order of the General Term of the Supreme Court, in the second judicial department, made February 10, 1885, which reversed a decree of the surrogate of the county of Queens, admitting to probate the will of Oliver Mott, deceased, and directed certain questions of fact to be tried at Circuit by a jury.

The facts, so far as material to the questions discussed, appear in the opinion.

*H. E. Sickels* for appellant. The General Term had no jurisdiction, no exception having been taken by the appellants to any of the rulings made, or to the findings, either of facts and law, nor any exception to the refusal of the surrogate to find the facts as requested. (Code of Civ. Pro., § 2545; *Reese* v. *Boese*, 94 N. Y. 623; *Briggs* v. *Waldron*, 83 id. 589; *Ward* v. *Craig*, 87 id. 550; *Hepburn* v. *Montgomery*, 97 id. 617; *Meyer* v. *Beach*, 79 id. 409; *Rider Life Raft Co.* v. *Roach*, 97 id. 378; *Davis* v. *Leopold*, 87 id. 620; *Wallace* v. *Drew*, 54 id. 678.) The order of the General Term was appealable to this court. (Code of Civ. Pro., § 190; subd. 1, § 1; subd. 20, § 2470.) The exception to the decree, and "to each and every part thereof" was insufficient to raise any specific question, and of no effect. (*Ward* v. *Craig*, 87 N. Y. 551–557.) As no tenable objections and exceptions were taken, the decree should not have been reversed. (Code of Civ. Pro., § 2525; 88 N. Y. 656.)

*Benjamin W. Downing* and *James W. Covert* for respondents.

FINCH, J. Probate of the will of Oliver Mott was resisted upon the ground of mental incapacity and undue influence. After listening to numerous witnesses, and taking a large amount of testimony, the surrogate rendered his decision finding as facts that the decedent was a capable testator, and the will was his free act, and unaffected by any improper agency, and, as a conclusion of law, that the will should be admitted to probate. No exception was taken to any of these findings. The case recites an exception to the surrogate's decree, and each and every part of it. We have repeatedly pointed out the uselessness of such an exception. (*Ward* v. *Craig*, 87 N. Y. 550; *Hepburn* v. *Montgomery*, 97 id. 617.) It indicates no specific error; it directs attention to no finding, and leaves court and counsel in the dark as to the precise cause of complaint. The case further shows a series of findings which the surrogate was requested to make, and which requests were refused. There was no exception to the refusal. The contestants appealed, and upon this case which contained no exception raising any question of fact or law, and in which no errors in the admission or rejection of evidence are even claimed to exist, the General Term reversed the decree of the surrogate, and ordered issues to be tried by a jury entirely disregarding the provisions of the Code. Those provisions point out the practice to be followed with care and precision. (§ 2545.) The surrogate is required to file in his office his decision stating separately the facts found, and the conclusions of law. Either party may except to the findings of fact or of law, and upon the settlement of the case may request findings, and take exceptions to a refusal, and the appeal brings up for review in the appellate court any question of fact or law thus raised by exceptions taken. The purpose was to assimilate the practice upon appeals from a surrogate's decree in the prescribed cases to that which regulated appeals from a judgment rendered by the court or a referee, and to substitute a system which would

point out specific errors, and evolve the exact questions intended to be reviewed. Nothing of this kind was before the General Term, and without some exception to some ruling or determination that tribunal was powerless to reverse.

For this reason the judgment and order of the General Term should be reversed, and that of the surrogate affirmed, with costs.

All concur.

Judgment accordingly.