In the Matter of the Estate of ANDREW HOOD, Deceased.

The failure of a surrogate to make findings of fact and law as required by the Code of Civil Procedure (§ 2545), upon the trial of an issue of fact before him, is not a ground of objection to his decision on appeal. It is the duty of the party appealing to procure to be made such findings or refusals as will present, through appropriate exceptions, the question he desires to argue; if he omits to do this, no question is presented for review.

Although under a will it is possible for an executor to exchange the character for that of trustee, until he is discharged as executor by decree of the surrogate and directed to hold the remaining assets as trustee, or at least until there has been a payment to him as trustee, a new account opened and kept in the new capacity and a division of the fund, allotting to different beneficiaries their specific proportions, he remains as executor only, and is removable as such for misconduct. After such removal, upon petition of his successor, the Surrogate's Court has jurisdiction to compel him to account for and deliver over to his successor the assets in his hands    (Code of Civ. Pro. §§ 2724, 2605.)

(Argued December 8, 1886 ; decided January 18, 1887.)

APPEAL from an order of the General Term of the Supreme Court, in the second judicial department, made February 9, 1886, which affirmed an order of the surrogate of Westchester county directing Frederick Hood, as late executor of the will of Andrew Hood, deceased, to render an account, and also an order of said surrogate directing said Frederick Hood to pay over to the remaining executrix the sum of $31,775.

The material facts are stated in the opinion.

*Edward P. Wilder* and *A. J. Dittenhoefer* for appellant. The surrogate had no authority to direct the appellant to render an account as executor. (*In re Hood,* 90 N. Y. 512; 98 id. 371; *Uhlman* v. *Uhlman,* 51 Supr. Ct. 361.) The action pending in Kings county for an accounting is a bar to this proceeding. (Redf. on Surrogates [2d ed.] 642; *Chrystie* v. *Libbey,* 5 Abb. Pr. [N. S.] 192; *Wolff* v. *Maloney,* 12 Hun, 207.) The surrogate exceeded his authority in sustaining the unverified objections. (*In re Metzger,* 1 Bradf. 265; *Bainbridge* v. *McCullough,* 3 Sup. Ct. 468; *In re Frazer,*

17 W. D. 129; 92 N. Y. 239; *Carroll* v. *Hughes*, 5 Redf. 337; *Boughton* v. *Flint*, 74 N. Y. 476; *Freeman* v. *Kellogg*, 4 Redf. 218; *In re Jones*, 24 Week. Dig. 333; *In re Hood*, 98 N. Y. 372.) The provision of the will directing the executors to pay out of the income of the "Eagle buildings" $2,000 annually to the widow of the testator for life, after paying the expenses for repairs, insurance, taxes, etc., on the property; and if they deemed it advantageous to do so to sell the property and invest the sum realized from the sale for the purpose of creating a fund from which to pay said annuity created a trust. (*Bailey* v. *Bailey*, 28 Hun, 603; *Hurlburt* v. *Durant*, 88 N. Y. 121; *Marks* v. *McGlynn*, id. 375; *Laytin* v. *Davidson*, 95 id. 263; *In re Hood*, 98 id. 372; *Phœnix* v. *Livingston*, 101 id. 451.) The respondent, being a coexecutor and jointly liable with the appellant, cannot call upon him to account for and recover from him the full amount of the devastavit. (*Suydam* v. *Bastodo*, 21 Rep. 403; *Earle* v. *Earle*, 93 N. Y. 104–117; *Adair* v. *Brimmer*, 74 id. 539; *Laroe* v. *Douglas*, 2 Beav. 308; *Schenk* v. *Schenk*, 1 Green, 181; *In re Rugg*, 24 Week. Dig. 374.) The failure to make any findings of fact or conclusions of law renders the proceeding irregular. (Code of Civ. Pro. § 2545.)

*John J. Macklin* for respondent. Where an executor is removed, the remaining executor, where there is one, or a party in interest, may cite him to render an account of all moneys received by him or with which he is chargeable. (Code, §§ 2603, 2605, 2724, 2727, subd. 2; *Gerould* v. *Wilson*, 81 N. Y. 573.) The pendency of the Kings county suit was not a bar. (*Hood* v. *Hood*, 85 N. Y. 565; *Howell* v. *Chamberlain*, 60 id. 272; *Dawley* v. *Brown*, 77 id. 390; *Rogers* v. *King*, 8 Paige, 211; *Kuntz* v. *McNeil*, 1 Denio, 436; *In re Hood*, 27 Hun, 571; *S. C.*, 98 N. Y. 363, 369.) Where the issue raised by the exception is whether the payment or investment was authorized by law or the will, the burden of showing the propriety of the investment remains with the executor. (Redf. Pr. 500, 780.) The surrogate was right in

denying the motion for an adjournment. The excuse was insufficient; to grant it or not was clearly discretionary, and the General Term having affirmed the ruling it is not . reviewable here. (*Greenleaf* v. *Brooklyn F. Co.*, 23 Week. Dig. 423; *Smith* v. *Alker*, 102 N. Y. 87.) Waste and misapplication of the assets were clearly shown, and the surrogate was bound to order their replacement. (*Hood* v. *Hood.* 85 N. Y. 578.)

FINCH, J. The petition presented to the surrogate asserted as the ground of the relief sought, that Frederic Hood and the petitioner had been originally appointed executor and executrix of the last will of Andrew Hood; that the letters testamentary issued to Frederic Hood had been revoked for his misconduct, leaving the petitioner sole remaining representative of the estate; that previous to such revocation and about January, 1869, the said executor had collected bonds and mortgages which were assets in his hands amounting to between forty and fifty thousand dollars; and upon these facts the petitioner asked for an order that the removed executor account for and deliver over to the executrix the assets remaining in his hands. The Code authorizes the surrogate to call an executor or administrator to account where the letters nave been revoked (§ 2724), and more specifically provides that "the surrogate's court has the same jurisdiction upon the petition of the successor or of a remaining executor, administrator, guardian or trustee, to compel the person whose letters have been revoked to account for or deliver over money or other property and to settle his account, which it would have upon petition of a creditor or person interested in the estate, if the term of office conferred by the letters had expired by its own limitation." (§ 2605.) Upon the petition filed the surrogate had jurisdiction to grant the relief sought. The executor's answer alleged that he had accounted before the surrogate in 1869, for all assets held by him in that character, and that thenceforward he retained the balance in his hands as testamentary trustee. Other defenses were pleaded but

need not be here stated for reasons which will appear. On the hearing the surrogate made an order requiring the appellant to account as executor, and the latter having filed an account the surrogate made a final order adjudging that the appellant held nearly thirty thousand dollars received as executor which he should pay over to the petitioner. From each of these orders which have been affirmed by the General Term the removed executor appeals. Whether the order to account was merely preliminary, or final in so far as it adjudged the character in which the assets were held (*In re Halsey*, 93 N. Y. 48), is of no consequence in view of the fact that the appeal from the order finally rendered by its terms brings up for review the order to account.

The return shows that the surrogate made no findings of fact or law as is now required (Code, § 2545; *Angevine* v. *Jackson*, 103 N. Y. 470), and that no exceptions were taken to his decision or decree in any form. But on the hearing and during its progress three exceptions were taken and only three. These raise the sole questions available to the appellant in this court. His own counsel suggest the absence of requisite findings, insisting that for such cause the decree is irregular. That does not follow. It is the duty of the party appealing to procure to be made such findings or refusals as will present, through appropriate exceptions, the questions which he desires to argue. If he suffers this necessary step to be omitted he will find himself without the means of reviewing the rulings of which he complains. The three exceptions taken are, therefore, the sole basis and mark the limits of this appeal.

These were, first, to the admission of the order revoking the executor's letters testamentary; second, to a ruling which sustained an objection to an inquiry whether he had acted as executor since the decree of 1869; and third, to the question what he had done with the bonds and mortgages left in his hands after that decree. The first two exceptions are without merit, and indeed are not relied upon or argued in the appellant's brief. The third exception raises the only ques-

tion open for consideration. The ground of objection stated was that after the defendant's final accounting in 1869 his responsibility as executor ceased, and the funds in his hands were held by him as trustee, and what became of them was totally immaterial on a proceeding against him as executor. But this defense we have already held to be untenable. When the case was first before us (85 N. Y. 561), we decided that by the will of Andrew Hood there was an equitable conversion of the real estate into personalty, and that for the proceeds of its sales the executor was accountable in that capacity. At a later period the order revoking his letters testamentary came up for review (98 N. Y. 363), and we then held, passing by the inquiry whether under the will it was possible for him to exchange the character of executor for that of trustee, that he had not effected such exchange, and remained executor only and removable as such for his misconduct in that capacity. We pointed out that on the accounting in 1869 he was not discharged, was not directed to hold the remaining assets as trustee, was not credited with such transfer and his account thereby balanced, but the decree entered directed as to the assets remaining that "the said executor shall hold and invest pursuant to the powers and directions contained in said last will and testament." There had been no payment to the defendant as trustee, no new account opened and kept in the new capacity, and no separation or division of the fund allotting to the beneficiaries their exact and specific proportions. If the question had respected commissions it was shown that our own decisions would have compelled us to hold that the defendant could not be entitled to them in the character of trustee. Our decision intermediate the two referred to does not affect the present appeal, since the removal of the executor is a new fact which has occurred since the decree of 1869 and brings with it new rights and responsibilities.

The order and decree should be affirmed with costs.

All concur.

Order affirmed.