### *In re* FOULKS' ESTATE.

#### *(Surrogate's Court, Kings County.   March 31, 1890.)*

JUDGMENT—VACATING—IRREGULARITY.

> Where it appears from a surrogate's decree that certain matters were litigated and passed on, when in fact the surrogate declined to consider such matters for want of jurisdiction, there is an "irregularity" for which the decree may be set aside under Code Civil Proc. N. Y. § 1282, made applicable to surrogate's courts by section 2481, subd. 6.

Motion by John W. Foulks to vacate or modify certain decrees of the surrogate confirming the report of the referee to the effect that the accounts of the executors of the will of William Foulks, deceased, were correct, and deciding that the referee did not have jurisdiction to try certain objections made to the accounts, and ordering distribution of the estate in pursuance of the will.  For action by John W. Foulks against the executors for a legacy, see 6 N. Y. Supp. 112.

*Goodrich, Deady & Goodrich*, for John W. Foulks.   *Lawton & New*, for the executors.

ABBOTT, S.   This motion is made, under subdivision 6 of section 2481 of the Code of Civil Procedure, to open, vacate, modify, or set aside the decrees of this court made and entered in the above-entitled matter on or about the 23d and 27th days of November, 1888.   "Subd. 6. The powers, conferred by this subdivision must be exercised only in a like case, and in the same manner, as a court of record and of general jurisdiction exercises the same powers."   Section 1282 of the Code sets forth the manner in which a court of record and general jurisdiction exercises the powers.   "Sec. 1282. A motion to set aside a final judgment for irregularity shall not be heard after the expiration of one year since the filing of the judgment roll."   The petitioner herein does not claim that there was any fraud or collusion practiced upon him by the executors, but simply that the decrees do not state the facts which were presented to the surrogate.   From the said decrees, it appears as if certain objections to said accounts were litigated and passed on by the referee

and surrogate, whereas the fact is they both refused to entertain or pass upon said objections, on the ground that they did not have jurisdiction. It is well settled that anything unwarranted introduced into a judgment is an irregularity, for which the remedy is by motion to be made within one year after the filing of the judgment roll in the court of original jurisdiction. This question has been recently passed upon by the court of appeals in *Bank* v. *Blye*, 23 N. E. Rep. 805. See, also, *In re Tilden*, 98 N. Y. 434; also, *In re Hawley*, 100 N. Y. 206, 3 N. E. Rep. 68. More than one year having expired since the entry of the decrees, the motion must be denied.