*In re* PROUT'S ESTATE.

(*Surrogate's Court, Kings County.* May, 1890.)

APPEAL—SETTLEMENT OF CASE.

Code Civil Proc. N. Y. § 2546, provides that the reports of referees appointed by a surrogate's court are subject to confirmation or modification by the surrogate. Section 2545 provides that "either party may, upon the settlement of a case, request a finding upon any question of fact, or a ruling upon any question of law; and an exception may be taken to such a finding or ruling, or to a refusal to find or rule accordingly." *Held*, on application to settle the case on appeal from an order modifying the referee's report, that, though a formal decision of the surrogate was necessary where the referee's report was modified, this was not to be made until after the parties had presented their proposed findings and rulings on the settlement of the case.

In the matter of the accounting of William J. Prout as executor of Robert T. Prout, deceased, an appeal was taken from an order modifying a referee's report. Appellant now applies for a settlement of the case on appeal.

*F. L. Gilbert,* for A. and L. Prout.   *Hirsh & Rasquin,* for contestant, M. Prout.   *W. D. Birdsall,* for executor, W. J. Prout.

ABBOTT, S.   I am asked to settle the appellant's case on appeal so far as it embraces the proceedings subsequent to the referee's report.   Thus far no formal decision has been made by this court other than the report of the referee.   Section 2546 of the Code provides that the reports of referees appointed by the surrogate's court are subject to confirmation or modification by the surrogate.   Therefore the referee's report does not, as in the case of a like report in an action in the supreme court, have the effect of a decision, except possibly in so far as it is confirmed and not modified by the surrogate.   In all particulars as to which the report is modified a decision should be made and findings and conclusions signed by the surrogate.   It is the better practice for the surrogate to sign a full and complete decision embodying all the findings of fact and conclusions of law, as ultimately determined by him after he has passed upon the referee's report.   As to the time when the surrogate's decision should be made and signed the practice in this court differs materially from that of the supreme court.   Section 2545 provides: "Either party may, upon the settlement of a case, request a finding upon any question of fact, or a ruling upon any question of law; and an exception may be taken to such a finding or ruling, or to a refusal to find or rule accordingly."   "The settlement of a case" here referred to must be the settlement of a case on appeal.   Respondents should now present to this court their proposed findings of fact and conclusions of law, upon which they desire a ruling of the court, for the purpose of properly framing exceptions.   The section of the Code cited evidently contemplates the making of this formal decision after the entry of the decree, if any of the parties so desire, since there can be no case to be settled until after an appeal has been taken, and there can be no appeal until a decree has been entered from which an appeal can be taken. This view seems to have been held by both Judges ROLLINS and COFFIN. *Tilby* v. *Tilby,* 3 Dem. Sur. 258; *Hartwell* v. *McMaster,* 4 Redf. Sur. 389. See, also *Angevine* v. *Jackson,* 103 N. Y. 470, 9 N. E. Rep. 56; *In re Hood,* 104 N. Y. 103, 10 N. E. Rep. 35; *Waldo* v. *Waldo,* 32 Hun, 251.