these causes that the recovery was directed; and it seems to have been within the rule maintained by the authorities. *Francis* v. *Schoellkopf*, 53 N. Y. 152; *Hussner* v. *Railroad Co.*, 114 N. Y. 433, 21 N. E. Rep. 1002. During most of the time when these damages accrued the premises were occupied by tenants, and that has been urged as an obstacle standing in the way of their recovery. But the loss sustained from these causes by the owners of property fronting upon streets devoted in part to the structure and trains of the elevated railway company has in other cases been allowed to be recovered, where it has arisen out of the reduced rental value of real estate, and this case seems to be within the rule which these authorities sustain. By means of these causes, the owner is prevented from obtaining the amount of revenue he would otherwise obtain from his property; and no sound principle seems to stand in the way of the recovery of this difference. The cause of the loss is directly traceable to the acts of the defendants. By reason of it the owner was obliged to lease his property for smaller returns than he would have otherwise obtained. The cause of the difference is the wrong of the defendants, and against that the law should afford him reasonable indemnity. It does so in other cases of losses created by the wrongful acts of others, and the defendants should be held to the same measure of accountability for wrongs of this description.

The witness Thompson was sufficiently conversant with the sales and values of real estate to be allowed to express his judgment on that subject. His experience had extended through many years in that vicinity, and his business required the devotion of his attention in that direction. The referees were therefore entirely right in receiving his estimates of values and rentals, (*Oties* v. *Smelting, etc., Co.*, 7 N. Y. Supp. 251;) and, beyond that, the answers received, and now pressed as improper, do not appear to relate to this particular parcel of land. The answer given by the witness Wenman, that the elevated railroad had destroyed his business, was responsive to the question which without objection he was allowed to answer, and so was his answer that it drove the leading merchants out of Pearl street, and brought small offices there; and whether the referees should strike them out when the defendants requested that to be done was a matter of discretion with them, the refusal to exercise which cannot be assigned for error. *Marks* v. *King*, 64 N. Y. 628; *Pontius* v. *People*, 82 N. Y. 340, 347; *In re Morgan*, 104 N. Y. 75, 85, 86, 9 N. E. Rep. 861. The answers also were without any materiality to the case. It could have no effect upon any point in it that the business of the witness had been destroyed, or that the leading merchants had been driven from the street. The question here was the effect of the railway and its use upon this particular building, which these answers did not apply to; and the report of the referees demonstrates the fact that it was in no respect influenced by this evidence, for it proceeded wholly upon the effect of the structure itself, and the use made of it by the defendants' engines and trains. The defendants were not, therefore, injured in the least by these answers. No other objections have been urged as reasons for disturbing this judgment, and none of any merit are contained in the case. The judgment, therefore, should be affirmed. All concur.

---

## *In re* PECK.

*(Supreme Court, General Term, First Department.   June 12, 1891.)*

PRACTICE IN SURROGATE'S COURT—FILING DECISIONS.

The provision of Code Civil Proc. N. Y. § 2545, that upon the trial of an issue of fact "the surrogate must file in his office his decision in writing, which must state separately the facts found and the conclusions of law," is mandatory, and cannot be disregarded by the surrogate.

Appeal from surrogate's court, New York county.

Proceedings for the probate of the will of Samuel B. Peck, deceased. Francis L. Peck·appeals from a decree of the surrogate admitting the will to probate. ·

Argued before VAN BRUNT,·P. J., and BARRETT and PATTERSON, JJ.

*John J. Adams*, for appellant. *Dailey & Bell*, (*James D. Bell*, of counsel,) for respondent.

BARRETT, J. The record discloses a failure to comply with that part of section 2545 of the Code of Civil Procedure which provides that upon the trial of an issue of fact "the surrogate must file in his office his decision in writing, which must state separately the facts found, and the conclusions of law." Thus we have nothing before us except the testimony, the decree, and the notice of appeal. It has been repeatedly held that this plain language of section 2545 cannot ·be disregarded, and that the appellant must procure such findings as will present the questions which he desires to argue. *Angevine* v. *Jackson*, 103 N. Y. 470, 9 N. E. Rep. 56; *In re Hood*, 104 N. Y. 103, 10 N. E. Rep. 35; *In re Falls*, 10 N. Y.·Supp. 41. In *Hewlett* v. *Elmer*, 103 N. Y. 156, 8 N. E. Rep. 387, it was said that by this section 2545 the practice upon a trial by the surrogate of an issue of fact, and preparation of papers upon which an appeal should be heard, was assimilated to the proceedings upon an after trial by the court without a jury. "The purpose," said ·FINCH, J., in *Angevine* v. *Jackson, supra*, "was to assimilate the practice upon appeals from a surrogate's decree in the prescribed cases to that which regulated appeals from a judgment rendered by. the court or a referee, and to substitute a system which would point out specific errors, and evolve the exact questions intended to be reviewed." The authority of these cases with regard to the necessity for a decision by the surrogate, stating separately the facts found and the conclusions of law, has never been questioned. Indeed, it could not well be questioned, while the language which we have quoted from section 2545 remains unrepealed. The necessity for such findings is expressly recognized in *Burger* v. *Burger*, 111 N. Y. 531, 19 N. E. Rep. 99, and 21 N. E. Rep. 50, where the doctrine of *Angevine* v. *Jackson* was modified, but only as to the requirement of exceptions to findings of fact as to which there is a conflict of evidence. When the learned court there speaks of an appeal from the decision of the surrogate on the facts as well as the law, reference is undoubtedly had to the "decision" defined by section 2545. The opinion of ANDREWS, J., throughout discusses the necessity of exceptions to findings of fact as distinguished from conclusions of law, and the result of this late decision is to assimilate the practice on appeals from a surrogate's decree still more closely to that which governs in ordinary litigation. It follows that the present decree was irregular, not having been based upon a proper "decision." The remedy, however, was by motion to set it aside for the irregularity suggested, or to propose findings, and except to a refusal to pass upon them. The appellant is not, therefore, in a position on the present appeal to obtain a proper review of what was actually decided. The point is expressly taken· by the respondent, and cannot be ignored. We can afford the appellant, therefore, no relief upon the record as it stands. But as the responsibility is not wholly the appellant's, and as there seems to have been some misunderstanding with regard to the practice, we feel justified in following the course adopted by the learned general term of the fourth department in *Re Falls, supra*. That course will enable the parties to apply to the surrogate for a decision in writing such as we have pointed out. Upon a proper record being then made up, the appeal can be resubmitted without further formalities, if the parties agree. Case sent back for such action and proceeding as counsel may deem advisable. All concur.