(69 Hun, 403.)

In re SUNDERLIN'S ESTATE. In re WALRATH. In re THUMB.

(Supreme Court, General Term, Third Department. May 9, 1893.)

CLAIM AGAINST DECEDENT'S ESTATE—FINDINGS—REVIEW ON APPEAL.

    On the trial of a claim against a decedent's estate, claimant requested a finding "that an agreement was entered into and executed between decedent and claimant whereby claimant was to provide and furnish a home, board and lodge decedent during her lifetime, and, in consideration of the same, claimant is to have the property left by decedent at her death," but the surrogate refused to so find. *Held*, on appeal on a case containing none of the evidence, but only the findings and refusals to find, that the decree against claimant was supported by the findings, though from some of them it appeared that decedent contemplated making some disposition of her property in favor of claimant.

Appeal from surrogate's court, Montgomery county.

Claim of Sarah C. Thumb against the estate of Matilda· Sunder-lin, deceased. From the decree disallowing the claim, claimant appeals. Affirmed, with conditional order.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

J. W. Hill, for appellant.

Huston & Herrick, (Hiram L. Huston, of counsel,) for respondents.

MAYHAM, P. J. The appellant, as coadministratrix in the·above-entitled matter, presented on this final judicial settlement a claim for all the surplus of this estate after the payments of the expenses of administration, and all the other debts proved and allowed against the testator of the deceased, which claim was based upon an alleged agreement between the deceased, in her lifetime, and this appellant, that the appellant was to support the deceased during the latter part of her life, and in consideration therefor should, after the death of the deceased, have all her property and estate. The administrator, who files the petition for a final judicial accounting, is the next of kin of the deceased. The case contains none of the evidence taken before the surrogate, but contains a series of findings and refusals to find by the surrogate, from which the appellant claims, that as matter of law, the appellant should be decreed the balance of this estate remaining in the hands of the administrator. But the surrogate expressly refuses to find "that an agreement was entered into, and executed, between Matilda Sunder-lin and claimant, whereby the claimant was to provide and furnish a home, board and lodge the deceased during her lifetime, and, in consideration of the same, claimant is to have the property left by the deceased at her death." This refusal to find expressly negatives the claim of the appellant, and, if correct, leaves the·claim of the appellant entirely unsupported by any facts by which it can be upheld. This finding of fact, if correct, and permitted to stand, takes away plaintiff's right to recover upon her alleged contract; and while, from some of the surrogate's findings, it might be assumed that the deceased contemplated making some disposition of her property in favor of the appellant, yet there is nothing found by him which establishes a gift of this property by the intestate to the claimant, either inter vivos or causa mortis. There was no such delivery to claimant as to constitute a gift inter vivos. Nor is it found by the surrogate that any suggestion of the intestate as to her intention to give her property to the claimant was made by her in contemplation of her sudden or immediate peril of death, and to take effect on the happening of that event, so as to constitute a donatio causa mortis. There is nothing, therefore, in the record before us, from which it can be determined, as a question of fact, that the finding of the surrogate that the agreement on which the appellant claims was ever made, or that she is entitled to the residue of the deceased's property under any valid gift; and as the evidence before the surrogate is not before this court, or embraced

in the record, this court cannot review the findings of fact made by the court below. In appeals from the decree of a surrogate, when the appellant seeks to review the fact found by the surrogate, it seems that a case should be made containing the evidence. By section 2576 of the Code of Civil Procedure it seems · that if a party desires to review the facts a case must be made and settled by the surrogate. The language of that section is:

"If it [an appeal] is taken from a decree rendered upon the trial by the surrogate of an issue of fact, it must be heard upon a case to be made and settled by the surrogate, as prescribed by law for making and settling cases upon an appeal in actions."

And upon this subject the authorities seem abundant and uniform. Spence v. Chambers, 39 Hun, 193; Angevine v. Jackson, 103 N. Y. 470, 9 N. E. Rep. 56; Burger v. Burger, 111 N. Y. 530, 19 N. E. Rep. 99, 21 N. E. Rep. 50; In re Falls' Estate, (Sup.) 10 N. Y. Supp. 41; In re Marsh, 45 Hun, 109.

As the appellant has not thought proper to present a case containing the evidence on this appeal, and as the findings of fact of the referee do not support her theory of a contract, and as the decree gives the property to the next of kin,—where the law, in the absence of any facts requiring a different disposition, carries it,—the decree must be affirmed.

Decree affirmed, with costs, with leave to appellant, on payment of costs of the appeal, to make a case under section 2576 of the Code of Civil Procedure, and on such case have a reargument of this appeal. All concur.