In the Matter of the Final Judicial Settlement of the Accounts of JAMES A. WALRATH, Respondent, as Administrator of the Estate of MATILDA SUNDERLIN, Deceased.

### SARAH C. THUMB, Claimant, Appellant.

*Review of facts found by a surrogate — case containing the evidence necessary.*

To entitle an appellant, on an appeal from a surrogate's decree, to a review of the facts found by the surrogate, a case containing the evidence must be made and settled by the surrogate, as prescribed by section 2576 of the Code of Civil Procedure.

On the final settlement of an administrator's accounts a claim to the property of the decedent was presented, based upon an alleged agreement between the decedent and the claimant that the claimant was to support the decedent, and in consideration therefor should, after the death of the decedent, have all her property. The surrogate awarded the property to the decedent's next of kin, and the claimant appealed from the decree, but no case containing the evidence was made, and the referee's findings of fact did not support the claimant's theory of a contract.

*Held,* that, under these circumstances, the decree must be affirmed, with leave, however, to the appellant, on payment of the costs of the appeal, to make a case under section 2576 of the Code of Civil Procedure, and, on such case, to have a reargument of the appeal.

APPEAL by the claimant, Sarah C. Thumb, from that part of a decree of the Surrogate's Court for Montgomery county, entered in the office of the surrogate on the 7th day of November, 1892, finally settling the accounts of James W. Walrath, deceased, as administrator, etc., of Matilda Sunderlin, deceased, and awarding the net surplus of the estate to said Walrath as next of kin of the intestate, which provides: "And Mrs. Sarah C. Thumb having appeared by her counsel, J. W. Hill, claiming the surplus or remainder of said estate after the payment of the debts and expenses of administration, and having presented her petition in writing, and duly filed same, and the said surrogate having heard the allegations and taken the testimony of all the witnesses produced on the part of the claimant, and the same having been duly considered and found to be insufficient to prove or establish said claim, and the claim of said petitioner having been disallowed." And also from the further portion of said decree, to wit: " It also appearing that the said James W. Walrath is the nearest relation and only heir at law. or next of kin of said intestate, Matilda Sunderlin, deceased, and who is entitled to take and receive the net surplus or remainder of said estate. It is, therefore, ordered, adjudged and decreed that the said administrator retain the same, he being entitled thereto according to law."

*J. W. Hill*, for the appellant.

*Hiram L. Huston*, for the respondent.

MAYHAM, P. J.:

The appellant, as coadministratrix in the above-entitled matter, presented on this final judicial settlement a claim for all the surplus of this estate after the payments of the expenses of administration, and all the other debts proved and allowed against the intestate, which claim was based upon an alleged agreement between the deceased in her lifetime and this appellant, that the appellant was to support the deceased during the latter part of her life, and in consideration therefor should, after the death of the deceased, have all her property and estate.

The administrator who files the petition for a final judicial accounting is the next of kin of the deceased.

The case contains none of the evidence taken before the surrogate,

but contains a series of findings and refusals to find by the surrogate, from which the appellant claims that, as matter of law, the appellant should be decreed the balance of this estate remaining in the hands of the administrator.

But the surrogate expressly refuses to find: " That an agreement was entered into and executed between Matilda Sunderlin and claimant, whereby the claimant was to provide and furnish a home, board and lodge the deceased during her lifetime, and, in consideration of the same, claimant is to have the property left by deceased at her death."

This refusal to find expressly negatives the claim of the appellant, and if correct leaves the claim of the appellant entirely unsupported by any facts by which it can be upheld.

This finding of fact, if correct and permitted to stand, takes away plaintiff's right to recover upon her alleged contract, and while, from some of the surrogate's findings, it might be assumed that the deceased contemplated making some disposition of her property in favor of the appellant, yet there is nothing found by him which establishes a gift of this property by the intestate to the claimant, either *inter vivos* or *causa mortis*.

There was no such delivery to claimant as to constitute a gift *inter vivos*. Nor is it found by the surrogate that any suggestion of the intestate as to her intention to give her property to the claimant, was made by her in contemplation of her sudden or immediate peril of death, and to take effect on the happening of that event, so as to constitute a *donatio causa mortis*.

There is nothing, therefore, in the record before us from which it can be determined as a question of fact from the findings of the surrogate that the agreement on which the appellant claims was ever made, or that she is entitled to the residue of the deceased's property under any valid gift, and as the evidence before the surrogate is not before this court or embraced in the record this court cannot review the findings of fact made by the court below.

In appeals from the decree of a surrogate when the appellant seeks to review the fact found by the surrogate, it seems that a case should be made containing the evidence. By section 2576 of the Code of Civil Procedure, it seems that if a party desires to review the facts a case must be made and settled by the surrogate.

The language of that section is: "If it (an appeal) is taken from a decree rendered upon the trial by the surrogate of an issue of fact, it must be heard upon a case, to be made and settled by the surrogate, as prescribed by law, for the making and settling of a case upon an appeal in an action." And upon this subject the authorities seem abundant and uniform. (*Spence* v. *Chambers*, 39 Hun, 193; *Angevine* v. *Jackson*, 103 N. Y. 470; *Burger* v. *Burger*, 111 id. 530; *Matter of Falls*, 29 N. Y. St. Repr. 759; *Matter of Marsh*, 45 Hun, 109.)

As the appellant has not thought proper to present a case containing the evidence on this appeal, and as the findings of fact of the surrogate do not support her theory of a contract, and as the decree gives the property to the next of kin, where the law, in the absence of any facts requiring a different disposition carries it, the decree must be affirmed.

Decree affirmed, with costs, with leave to appellant on payment of costs of the appeal to make a case under section 2576 of Code of Civil Procedure, and on such case have a reargument of this appeal.

PUTNAM and HERRICK, JJ., concurred.

Decree affirmed, with costs, with leave to appellant to make case under section 2576, and have reargument on payment of costs.