In the Matter of the Judicial Settlement of the Accounts of
MILLARD F. ONDERDONK, Executor of EDWARD D. HESDRA,
Deceased.

(*Surrogate's Court, Rockland County, Filed June* 19, 1893.)

1. SURROGATE'S COURT—DECISION—FINDINGS.

An irregularity in the decision of a surrogate by reason of its fail-
ure to state separately the facts found and conclusions of law is
waived by a failure of the aggrieved party to take an appeal and avail
himself of his rights under section 2545 of the Code.

2. SAME—LACHES.

Motion to vacate the decree on the ground of a failure to file findings
of facts and conclusions of law cannot be made after the expiration of
one year.

Motion to set aside the decree settling the executor's accounts.

Snider & Hopper, for executor; Charles S. Dunham, for
creditors; L. Napoleon Levy, for legatee; George S. Wyre, for
legatee and devisee.

WEIANT, S.—This is a motion to vacate and set aside a decree
made in the above entitled proceeding on November 6, 1891,
adjusting and judicially settling the accounts of the executor,
on the ground that the surrogate failed to file in his office his
decision in writing, stating separately the facts found and the
conclusions of law, in compliance with the requirement of sec-
tion 2545, Code Civil Procedure. It is true that, while a writ-
ten decision was filed by the surrogate, yet it did not separately
state the facts and conclusions found. Two objections are ad-
vanced, waiver of the irregularity, if any; and want of power
in the court to grant relief at this late day, either of which is
sufficient to defeat this motion. First, it would seem that the
moving party has waived the irregularity, if any, by his own
failure to take an appeal and avail himself of his rights under
section 2545 of the Code as to findings, requests to find, and

exceptions. In Matter of Hood, 104 N. Y. 103-106, 5 St. Rep. 501, Judge FINCH, writing the opinion, says, in answer to the suggestion of counsel that, in the absence of requisite findings, the decree is irregular:

"That does not follow. It is the duty of the party appealing to procure to be made such findings or refusals as will present, through appropriate exceptions, the questions which he desires to argue. If he suffers this necessary step to be omitted he will find himself without the means of reviewing the rulings to which he complains." The second objection is well taken. It is now too late to obtain the relief sought. "A motion to set aside a final judgment for irregularity shall not be heard after the expiration of one year since the filing of the judgment roll." Code, sections 724, 1282; Corbin v. Westcott, 2 Dem. 559; Hood v. Hood, 5 id. 50; Matter of Filley's Estate, 47 St. Rep. 428; Matter of Post, 38 id. 1; Matter of Foulks' Estate, 10 N. Y. Supp. 515. A Surrogate's Court has power "to open, vacate, modify, or set aside" its decrees or orders. Code, section 2481, subd. 6. But "the powers conferred by this subdivision must be exercised only in a like case, and in the same manner, as a court of record and of general jurisdiction exercises the same powers." Id.; Matter of O'Neil, 46 Hun, 500, 12 St. Rep. 419; Matter of Carr v. Estate of Tompkins, 46 id. 585; In re Filley's Estate, 47 id. 428. Thus it appears that sections 724, 1282, are specifically made applicable to Surrogates' Courts, and the time within which the motion could have been made has expired. Corbin v. Westcott, supra; In re Hood, supra; In re Tilden, 98 N. Y. 434-442; In re Foulks' Estate, supra. Even if it be assumed that it is an irregularity for the surrogate to fail to make and file such a decision with such statement of facts and conclusions of law, and the court had the power to hear the motion, yet it is not an absolute right of a complaining party to have the decree made and entered set aside. Hood v. Hood, 5 Dem. 50. Upon the merits, even if the power existed, it is clear, within the authorities, that the motion should not be granted because of the laches of the applicant. "Where

a party has had his day in court he must show that it was not his fault that he did not improve it before he can get another day on the same matter." *In re* O'Neil, *supra; In re* Filley's Estate, *supra.*

The motion is accordingly denied, with ten dollars costs.