## In re DAYMON.

(Supreme Court, Appellate Division, Second Department. January 9, 1900.)

FINDINGS BY SURROGATE—TRIAL—DECREE.

    A decree by a surrogate settling an executor's account, without compliance with Code Civ. Proc. § 2545, requiring him to file with his decision facts found, and conclusions of law, will be reversed; such findings being essential as a basis for the decree.

Appeal from surrogate's court, Westchester county.

Accounting by William D. Daymon, executor of Sophia Harriott, deceased. From a decree thereon, and from an order denying an application to set aside the decree, said Daymon appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

Jacob Halstead, for appellant.

Samuel F. Swinburne, for respondent Leonie G. Tyler, legatee.

WILLARD BARTLETT, J. This is an appeal from a decree of the surrogate's court upon an executor's accounting, and from an order denying an application to set aside the decree in order to enable the accounting executor to put in the testimony of a material witness whom he had not been able to call upon the hearing. The account of the executor was objected to on the ground that he had failed to account for $2,000 paid to his testatrix shortly before her death. The executor put in a reply alleging that the testatrix had made a gift of these moneys to him. Upon this issue a hearing was had before the surrogate, which resulted in the decree appealed from, charging the executor with the $2,000 in controversy.

The record does not contain any findings by the learned surrogate; and the counsel for the respondent, in his brief, expressly states that the surrogate made no findings as required by section 2545, Code Civ. Proc. Such findings are indispensable as a basis for the decree. In their absence the record presents no question which we can review. In re Sprague, 125 N. Y. 732, 26 N. E. 532; In re Kaufman (Sup.) 14 N. Y. Supp. 901; In re Bradway, 74 Hun, 630, 26 N. Y. Supp. 838. Under these circumstances, the proper course to pursue is to remit the case to the surrogate as an undecided cause, in order that he may make and file findings as prescribed by law. This is the procedure which we have adopted in cases in the supreme court where the trial judge has failed to make findings, or the short decision now permitted in lieu thereof by section 1022 of the Code of Civil Procedure. Hall v. Beston, 13 App. Div. 116, 43 N. Y. Supp. 304; Shaffer v. Martin, 20 App. Div. 304, 46 N. Y. Supp. 992. As there has been no final decision of the matter, in this view of the law, the learned surrogate will doubtless permit the appellant to put in the proof which he could not procure upon the original hearing, if the executor now presents good and sufficient reasons for being allowed to do so.

Decree reversed, and proceeding remitted to the surrogate's court in order that the surrogate may make and file the findings prescribed

by section 2545 of the Code of 'Civil Procedure; the costs of this
appeal to abide the final award of costs. ` Appeal from order deny-
ing motion to vacate decree dismissed, without costs. All concur.

---

HASTINGS v. TWENTY–THIRD WARD LAND–IMPROVEMENT CO.

(Supreme Court, Appellate Division, First Department. January 5, 1900.)

COVENANTS—INCUMBRANCES—BREACH—ASSESSMENTS FOR BENEFITS—REPORT OF
COMMISSIONERS—CONFIRMATION.

Where property was sold after a report of commissioners imposing an
assessment for benefits had been signed, but before it was presented for
confirmation, and such confirmation was not entered by the clerk until
after the delivery of a deed to the property with covenants against incum-
brances, the assessment was not an incumbrance at the time of the deliv-
ery of the deed, since before entry of the confirmation the assessment did
not become a lien on the property under Laws 1882, c. 410, §§ 990, 995,
making the report, when confirmed, final and conclusive on all parties, and
the assessment a lien on the property.

Appeal from special term, New York county.

Action by Frank P. Hastings against the Twenty-Third Ward'
Land-Improvement Company. From a judgment for defendant,
plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON,.
and INGRAHAM, JJ.

William H. Stockwell, for appellant.
Gibson Putzel, for respondent.

INGRAHAM, J. The action was brought to recover for a breach
of a covenant against incumbrances contained in a deed of a lot of
land in the city of New York, and the question presented is as to
the time a ,certain assessment for benefits imposed for opening a
street upon which the property conveyed abutted became an incum-
brance upon the property upon which it was imposed. In con-
sidering this question the dates are important. Upon the 30th
day of November, 1896, the defendant, a domestic corporation,.
being the owner of certain real estate in the Twenty-Third ward
of the city of New York, sold the same at public auction, and at
such sale the plaintiff purchased from the defendant the property
described in the deed in question. Such property was sold under
certain terms of sale, which were executed by the plaintiff as
purchaser. It was there provided:

"The property will be conveyed by warranty deeds free and clear of all in-
cumbrances (except the covenants against nuisances), and lots will be described
by metes and bounds, bounded by the side of the streets upon which they are
located. All taxes and assessments which are liens upon the premises will be
paid or allowed by the sellers, and the title insured free of cost to each pur-
chaser."

In pursuance of such sale the plaintiff paid to the defendant
on the day of sale 10 per cent. of the purchase money, and on the·
5th of January, 1897, paid the balance of the purchase money, and
received from the defendant a warranty deed of the premises.