## In re WIDMAYER'S WILL.

(Supreme Court, Appellate Division, First Department.   June 8, 1900.)

1. APPEAL—SURROGATE'S DECREE—WRITTEN DECISION—FINDINGS.

    Under Code Civ. Proc. § 2545, requiring a surrogate to file a written decision stating separately the facts found and conclusions of law, and providing that exceptions may be taken to such findings and rulings, and that an appeal from a decree brings up for review each decision to which an exception is taken, nothing is presented for review on appeal from a surrogate's decree where no findings were made, and the decision was contained in the decree.

2. SAME—REMAND WITHOUT DECISION—COMPLIANCE WITH REQUIREMENTS.

    When, on appeal from a surrogate's decree, it appears that no written decision was filed by the surrogate, stating separately the facts found and conclusions of law, as required by Code Civ. Proc. § 2545, the case should be sent back to the surrogate for compliance with such requirements.

Appeal from surrogate's court, New York county.

Petition by William F. Widmayer for the probate of the last will and testament of Johanna B. Widmayer, deceased.   From a decree refusing probate, proponent appeals.   Remanded without decision.

Argued before PATTERSON, P. J., and RUMSEY, McLAUGH-LIN, and INGRAHAM, JJ.

T. M. Tyng, for appellant.

M. H. Cardozo, for respondents.

RUMSEY, J.   It is conceded that no findings have been made, and that the decision of the surrogate is contained in the decree to which an exception has been taken; and it is objected by the respondents that, as there are no findings, the case is not in a situation to be heard in this court.   Section 2545 of the Code of Civil Procedure requires the surrogate to file in his office a decision in writing, which must state separately the facts found and the conclusions of law, and provides that either party may, upon the settlement of a case, request a finding upon any question of fact, or a ruling upon any question of law; that an exception may be taken to such a finding or ruling, or to a refusal to so find or rule; and, further, that an appeal from a decree of a surrogate brings up for review, by each court to which the appeal is carried, each decision to which an exception is duly taken by the appellant as prescribed in this section.   It would seem, under this section, that nothing is brought up for review upon an appeal from a decree of a surrogate except such questions as are raised by an exception to the decision, or which may be based upon the decision which the statute requires to be made.   It is said that such was the rule established in the case of Angevine v. Jackson, 103 N. Y. 470, 9 N. E. 56.   It is also urged that a different rule was established in the case of Burger v. Burger, 111 N. Y. 523, 19 N. E. 99, 21 N. E. 50; but the decision in that case was that a decree of a surrogate might be reviewed, in a proper case, upon a question of fact, although no exception had been taken to the finding of fact or to a refusal to find the fact, and that was the only question decided. It does not appear from the case that any decision was made by the surrogate, but it is to be inferred that there was such a decision.

Such was the construction given to this case by the general term of this department in Re Peck's Will, 14 N. Y. Supp. 899, 60 Hun, 583, in which it was held that, if no decision of the surrogate had been made or filed in a proceeding for the probate of a will, the appeal could not be heard; and in that case the general term sent the case back to the surrogate for further action. Such must be the course taken in this case. In the face of the plain requirement of section 2545, we are not at liberty to hear this appeal until the decision required by that section has been filed. What, if any, exceptions may be necessary, after that has been done, to enable us to consider the facts in the case, it is not necessary for us to decide here. It is sufficient to say that until a decision has been made the case is not properly here, and it should be sent back to the surrogate, with directions to take such proceedings as are required by the statute, without costs to either party in this court. All concur.