vessel was built by the plaintiffs and the defendant on shares, and at actual cost; a sharp rise in values followed its delivery, owing to the Spanish-American war; the steamship has been in constant use by the plaintiffs in trade and commerce; and the verdict, if not excessive, is certainly very large. Under such circumstances, the court may very well apply the rule lately enforced in the first department in McIlwaine v. Railroad Co., 74 App. Div. 496, 77 N. Y. Supp. 426, that, where the jury awards a verdict so large as to border on what would be an excessive amount, a new trial should be granted for an error in the reception or rejection of evidence relating to the question of damages, even though the erroneous ruling might be disregarded in other cases upon the ground that no substantial prejudice resulted therefrom.

The defendant is the owner of one-quarter of the boat. Inadvertently, the attention of the jury was not called to this fact upon the final submission of the case, and the verdict was probably the entire amount of the damages assessed, instead of three-quarters, as it should have been. There are other matters connected with the evidence received which are open to criticism, but as they will doubtless be corrected on a new trial, in view of the full discussion had upon the argument, a detailed consideration of them is not deemed necessary. The judgment and order should be reversed.

Judgment and order reversed and new trial granted; costs to abide the event. All concur.

---

(75 App. Div. 342.)

### In re SHERWOOD'S ESTATE.

(Supreme Court, Appellate Division, Second Department. October 10, 1902.)

1. SURROGATE'S DECREE—ABSENCE OF FINDINGS—JUDGMENT ON APPEAL.
    Where, on petition by a creditor, under Code Civ. Proc. § 2722, to compel executors to pay a claim, an issue is raised by their answer as to possession of funds applicable to such payment, and the surrogate renders a decree for payment, without making findings of facts as required by section 2545, and without proof being given on the hearing, so far as appears from the record, though the decree recites that the fact of such possession was proved to the surrogate's satisfaction, the decree will be reversed.

Appeal from surrogate's court, Queens county.

In the matter of the estate of Caroline S. Sherwood, deceased. From a decree requiring payment by Frank O. Brown and another, executors, of the claim of Lotta Hopper, a petitioning creditor, the executors appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Thomas Abbott McKennell, for appellants.
Hamilton R. Squier, for respondent.

HIRSCHBERG, J. The respondent, Lotta Hopper, recovered a judgment in the supreme court against the appellants, Frank O.

Brown and Clarence E. Dow, as executors, etc., of Caroline S. Sherwood, deceased, on the 1st day of May, 1901, for $3,350.05. On appeal to the appellate division of the First department, the judgment was affirmed, and another judgment in favor of the respondent and against the appellants, for the costs of such appeal ($106.85) was entered on the 30th day of December, 1901. Subsequently the appellants appealed from the decision of the appellate division to the court of appeals, and perfected their appeal in that court, but gave no security to stay execution upon the judgments. The respondent thereupon duly petitioned the surrogate's court of Queens county (the court having jurisdiction of the estate) to compel payment of her claims, under section 2722 of the Code of Civil Procedure; and this appeal is taken from the decree made in that proceeding, by which the appellants are required to pay the judgments, or to file a bond to secure such payment, as provided in the decree.

The verified answer filed by the appellants did not require a dismissal of the proceeding, under the terms of section 2722, supra. It did raise an issue as to the possession of funds by the appellants applicable to the payment of the petitioner's judgments, and the decree recites that on the hearing the fact of such possession was proved to the satisfaction of the surrogate. The learned counsel for the respondent admits that no proof was given upon the hearing or trial, but asserts in his brief that "the learned surrogate held that from the account and will on file in his office, which were then read, and the admissions of the answer and the concessions of counsel in open court, the payment could be made as suggested, and thereupon he made the decree appealed from." There is nothing in the record showing the reading or the contents of the papers referred to, or the extent and nature of the concessions, beyond a recital in the decree of the fact of the appeal to the court of appeals as herein stated. The surrogate made no decision in writing and no findings, and no request was made for findings, and no exception was taken or filed. There has been no settlement of a case upon appeal. Under the circumstances, I cannot see why the determination of this appeal is not controlled by the decision of this court in Re Daymon, 47 App. Div. 315, 61 N. Y. Supp. 997, wherein it was held that an appeal from a decree of a surrogate's court, made upon an executor's accounting, at which an issue of fact was tried, presents no question for review where the surrogate has neglected to make findings as required by section 2545 of the Code of Civil Procedure. That section assimilates the practice in the surrogate's court, to a considerable extent, with the practice on the trial of an issue in the supreme court, and applies apparently to all cases of the trial by the surrogate of an issue of fact, including such a hearing or trial as was required in this case.

The learned counsel for the respondent claims that, inasmuch as it was the duty of the party desiring to appeal to procure such findings or refusals as would present, through appropriate exceptions, the questions which he might desire to argue, the failure of the surrogate to make findings is no ground of objection to his decision on appeal, and the decree should therefore be affirmed. In support of this contention

he cites the cases of In re Hood, 104 N. Y. 103, 10 N. E. 35, and In re Sprague, 125 N. Y. 732, 26 N. E. 532. Each is authority for the proposition that, in the absence of findings or exceptions, no question is presented for review; and the latter case, viz., In re Sprague, was cited by Mr. Justice Willard Bartlett in the opinion in Re Daymon, supra. He there said (page 316, 47 App. Div., and page 997, 61 N. Y. Supp.):

"Under these circumstances, the proper course to pursue is to remit the case to the surrogate as an undecided cause, in order that he may make and file findings as prescribed by law. This is the procedure which we have adopted in cases in the supreme court where the trial judge has failed to make findings, or the short decision in lieu thereof by section 1022 of the Code. Hall v. Beston, 13 App. Div. 116, 43 N. Y. Supp. 304; Shaffer v. Martin, 20 App. Div. 304, 46 N. Y. Supp. 992."

The decree was accordingly reversed, and the proceeding remitted as suggested.

The practice does not appear to be uniform. In the former general term of the First department the appeal under similar circumstances was dismissed. In re Bradway, 74 Hun, 630, 26 N. Y. Supp. 838. But the procedure adopted as to cases in the supreme court, referred to in the opinion in the Daymon Case, supra, has been uniformly followed in this department, upon the theory that a judgment not based upon a decision is unsupported. In the case at bar, however, as has been seen, the decree is not only unsupported by the decision or findings required by the Code of Civil Procedure, but has been made without proof upon the issue raised, and neither reason nor authority will justify an affirmance. While the appellants might have presented a decision for the signature of the court, or requested findings as a basis for review upon appeal, they could not reasonably be expected to furnish proof in support of the claims of the respondent, and such proof was a prerequisite to a decision in support of the decree appealed from.

The decree should be reversed, and the proceedings remitted to the surrogate's court for trial and decision; the costs of the appeal to abide the final award of costs. All concur.