(50 Misc. Rep. 109)　　　　In re SCHMID.

## In re SPRATHOFF'S ESTATE.

(Surrogate's Court, Kings County.　March 3, 1906.)

APPEAL—SETTLEMENT OF CASE.

　　Code Civ. Proc. § 2545, in relation to Surrogate Courts, provides that an exception may be taken to a ruling by a surrogate upon the trial by him of an issue of fact, including a finding or refusal to find on a question of fact in a case, where such an exception may be taken to a ruling of the court upon a trial without a jury of an issue of fact; and section 2576 provides that an appeal from a surrogate from a decree rendered on the trial of an issue of fact must be heard upon a case to be made and settled by the surrogate, as in making and settling of a case upon an appeal in an action.　Held that, where an application for the revocation of letters of administration was heard by the surrogate on the moving papers and replying affidavits and exhibits, an application to settle a case on appeal and to make findings will be denied as not necessary to review on appeal; and appellant must print as his papers on appeal the papers recited in the order determining the proceedings, which should be certified by the surrogate, or stipulated to be the proper papers, in accordance with the rules governing such practice.

Application by Anton Schmid for a settlement of a case on appeal and for findings, on the denial of an application by him for the revocation of letters of administration issued to Johanna Ilg on the goods, chattels, and credits of Louise Sprathoff, deceased.　Application denied.

See 98 N. Y. Supp. 1114.

Paul C. Schnitzler, for the motion.

Francis B. Mullin, opposed.

CHURCH, S.　The appellant in this matter presents an alleged proposed case on appeal and also a number of requests to find, and contends that, unless the papers which he presents as a case on appeal are settled, or unless the proposed findings are passed upon, there can be no review or appeal of the order made by this court.

The question, when a proposed case should be made on appeal from the Surrogate's Court, or when findings should be signed upon the rendition of the decision of the surrogate, seems to perplex a great many, and there is a constant discussion arising upon various appeals as to what is the proper practice.　It seems in order, therefore, in disposing of the question in this case, to outline my view upon this subject, which may be regarded by the bar as finally settling the line of conduct on this subject, unless such decision is modified by the Appellate Division.

Beginning with the question of filing exceptions to a decision of the surrogate, we find the provisions in relation thereto contained in section 2545 of the Code of Civil Procedure.　It will be noticed that it states that an exception to a ruling of the surrogate can be taken "upon the trial by him of" an issue of fact, including a finding or a refusal to find "upon the question of fact," and then provides that it shall be in the same cases of the court upon a trial without a jury of an issue of facts, and that the provisions of the Code relating to a trial by the court without a jury shall apply to a trial by the surrogate.　Section 2576 of the Code provides that it is necessary to make and settle a case on appeal when such appeal is taken from a decree rendered "upon

the trial by the surrogate of an issue of fact." When we find these two sections of the Code both referring specifically to "a trial by the surrogate of an issue of fact," it is but fair to assume that the framers of the Code used the word "trial" in the ordinary sense in which it is employed by lawyers and courts, viz., where there was an issue of fact and testimony taken thereon, and that it was not intended to cover every hearing in the Surrogate's Court, the basis of which may consist solely of affidavits, records, or certified copies of documents; in other words, it is apparent that these provisions of the Code were designed with the intention of making the practice in the Surrogate's Court substantially the same as the practice in the Supreme Court. This view is taken by Redfield (6th Ed., Section 114):

"The purpose of this requirement was to assimilate the practice on appeals from a surrogate's decree in the prescribed cases to that which regulates appeals from a judgment rendered by a court or a referee in an action."

If it was the intention of the framers of the Code that every determination of the surrogate which was to be the subject of review could only be reviewed in the event of there being findings of fact and a proposed case on appeal settled, then the Code would not specially refer to a "trial of an issue of fact," but would simply state that in all cases findings should be made, and in all appeals a case should be prepared and settled. Not having done this, it is evident it was intended that upon the trial of an issue of fact the same practice should be adopted upon such a trial and upon the appeal as would prevail upon such a trial by the court without a jury and appeal therefrom, and that in all hearings where the hearings proceeded simply upon affidavits and other documents the entry of a simple order thereon was all that was required, and that an appeal from such order would bring up the question on appeal the same as an appeal from an order granting or denying a motion in the Supreme Court.

In the case at bar the matter was heard upon the papers of the moving party and also the papers submitted in opposition thereto. While findings were presented in the first instance, they were unnecessary, and a simple order disposing of such proceedings was ample to accomplish the result desired.

A careful examination of the various cases referring to the requirement of findings in the Surrogate's Court fails to show anything in conflict with the views herein expressed. In Matter of Widmayer, 52 App. Div. 301, 65 N. Y. Supp. 83, the appeal was from a trial upon the probate of a will. In Matter of Daymon, 47 App. Div. 315, 61 N. Y. Supp. 997, it appeared that the hearing was had before the surrogate upon the final accounting, at which testimony was taken; in other words, a trial of an issue of fact was had. Matter of Roberts, 74 Hun, 630, 26 N. Y. Supp. 838, was a precisely similar proceeding. Matter of Sprague, 125 N. Y. 732, 26 N. E. 532, was also a trial of an issue of fact; so that it appears in all these cases that oral testimony was taken, necessitating findings of fact and the preparation of a case on appeal. On the other hand, the General Term of the First Department in Matter of Jackson, 32 Hun, 200, expressly recognizes the distinction suggested in this opinion, and sustains the correctness of the same in the following language of Judge Daniels:

"The objection has been taken that the points urged in support of the appeal are not regularly before this court for its decision, for the reason that no case has been prepared or made as that has been directed by section 2576 of the Code of Civil Procedure; but, as the decree was not made upon a trial by the surrogate on an issue of fact, it is not within the practice prescribed by this action. The objections taken to it arise upon the decree itself and the will of the testatrix, and they may properly be heard and disposed of without a case, according to the practice provided for by the latter part of section 998 of the Code."

The Appellate Division of this department has also recognized this as the correct practice. Matter of Marx, 106 App. Div. 212, 94 N. Y. Supp. 151. That case is on all fours with the case at bar, as it was a proceeding to remove an executor, and was heard on the moving papers and the replying affidavits and exhibits. An order was made denying the application, from which an appeal was taken. On the appeal the respondent strenuously urged that it could not be reviewed by the court, as there were no findings or requests to find. The court, however, ignored this contention, and considered the case on its merits, which they would not have done if they had regarded the above point well taken. The appellant should therefore print as his papers on appeal the papers recited in the order determining the proceeding, which papers should either be certified by this court or stipulated to be the papers by the attorney for the respondent, in accordance with the rules governing such matters.

The application to settle the case on appeal or to pass upon the requests to find is denied.