### SIMPSON v. MANEY.

(Surrogate's Court. Albany County. July 30, 1906.)

1. APPEAL—RECORD—CASE—INCORPORATION OF EVIDENCE.

Where orders recite that they are made on the testimony and allegations of the parties, the testimony must be deemed material for the purpose of making out a case on appeal within Code Civ. Proc. § 997, providing that a case must contain so much of the evidence as is material to the questions to be raised.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 2322.]

2. SAME.

One appealing must furnish the testimony in such form as may be convenient for examination by the Appellate Court, and furnish the pleadings and the citation before his case can be said to have been prepared.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 2490–2493.]

3. SAME—SURROGATE'S DECREE—FINDINGS—NECESSITY.

One appealing from a surrogate's decree must procure from the surrogate such findings or refusals to find as will present, through appropriate exceptions, the questions he desires to have reviewed.

Petition of George C. Simpson, administrator with the will annexed of William H. Simpson, deceased, on an order against Catherine A. Maney, executrix of Anna Elizabeth Simpson, deceased, to pay over certain money. Heard on motion to settle a proposed case on appeal. Time within which appellant may prepare a case. Granted.

N. B. Spalding, for appellant.

Ward & Cameron, (Walter E. Ward, of counsel), for respondent.

VAN DERZEE, S. This is a motion to settle a proposed case on appeal herein from an order dismissing the petition and also an order denying the application of the appellant for an order directing Catherine A. Maney, sole executrix of Anna Elizabeth Simpson, the deceased executrix of William H. Simpson, deceased, to pay over certain funds alleged to belong to the estate of said William H. Simpson to the petitioner, George C. Simpson, who has been appointed administrator, with the will annexed, of the estate of William H. Simpson, deceased. The appellant, for his proposed case, has served his petition, the account of said Catherine A. Maney as executrix, his objections to the account, the two orders above referred to, his exception to one of those orders and the notice of appeal. The respondent objects to a settlement of the case, and asks that the appellant submit with his proposed case the citation and order to show cause issued upon the petition above referred to, the answer of Catherine A. Maney to said petition, the transcript of all proceedings had and testimony taken in this court and the exhibits which were offered in evidence, or a statement of the same.

Section 997 of the Code of Civil Procedure provides that a case must contain so much of the evidence or other proceedings upon the trial as is material to the questions to be raised thereby. The orders from which the appeal is taken recite that they are made upon the testimony and allegations of the parties taken, and such testimony must be said, to be material for the purpose of making out a case on this appeal. The appellant argues that the respondent should supply the testimony and other omitted papers as amendments, if he wishes them made a part of the case. I do not know of any rule or provision of statute which requires the respondent in a case on appeal to perform the greater part of the work in preparing the case for appeal as asked for by the appellant in this proceeding. It is clearly the duty of the appellant to furnish the testimony in such form as may be convenient for examination by the Appellate Court and also to furnish the pleadings and the citation before his case can be said to have been pre-

pared. Furthermore, it is the duty of the party taking an appeal from a surrogate's decree to procure from the court such findings or refusals to find as will present through appropriate exceptions the questions he desires to have reviewed. Redfield, § 1173.

It is said in the matter of Widmayer, 52 App. Div. 301, 65 N. Y. Supp. 83: "In the absence of findings, separately stated, there is nothing to review." The case, therefore, is in no condition, as presented by the appellant, for a settlement by me for the reasons above stated, and the appellant may have until September 7, 1906, to prepare and serve a complete case. If counsel then disagree, the usual motion may be made at that time for a settlement. I have extended the time because during the month of August this court will be at recess.