by his death. As a matter of fact it did take such a turn 8 days after he used that expression, and he died 10 days thereafter.

Therefore all the facts and circumstances connected with the execution of the deeds and the transfer of the real estate lead to the conclusion that the gift was made in contemplation of death. Matter of Birdsall, 22 Misc. Rep. 180, 49 N. Y. Supp. 450, affirmed 43 App. Div. 624, 60 N. Y. Supp. 1133. The appeal should be dismissed.

Appeal dismissed.

---

(62 Misc. Rep. 161.)

### In re PETERSON'S ESTATE.

(Surrogate's Court, Cattaraugus County. January, 1909.)

EXECUTORS AND ADMINISTRATORS (§ 250*)—CLAIMS AGAINST DECEDENT'S ESTATE —JURISDICTION.

On a petition filed in the Surrogate's Court by an alleged judgment creditor of decedent, praying for payment of his judgment, the administrator set up the discharge of the decedent in bankruptcy after the recovery of the judgment. *Held*, that the Surrogate's Court had no jurisdiction, under Code Civ. Proc. § 2722, providing that the petition should be dismissed without prejudice, where the executor files an answer, duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 250.*]

In the matter of the estate of William P. Peterson. Proceedings to compel payment of a demand against the estate. Petition dismissed.

Henry Donnelly, for petitioning creditor.

M. B. Jewell, for administrator.

DAVIE, S. Decedent died intestate, at the city of Olean, March 19, 1908, and letters of administration upon his estate were issued May 18th of the same year. The petition filed in this proceeding alleges that the claimant is the owner of a judgment regularly obtained and duly docketed in his favor against the decedent during his lifetime, and that a claim therefor, duly verified, has been presented to the administrator; that more than six months have elapsed since the appointment of the administrator; and that there are sufficient assets in the hands of the administrator to satisfy his demand. Upon the return day of the citation issued upon such petition the administrator appeared and filed an answer, duly verified, in which he alleged insufficient funds to meet the petitioner's demand; that the claim was duly presented, but absolutely rejected; and it also contains the following allegation:

"And the said defendant, further answering, denies the petition, and each and every allegation therein contained, not hereinbefore specifically admitted; and

"Second. The said defendant, George W. Peterson, in further answering, alleges that, after the recovery of the said judgment by the petitioner against William P. Peterson, a petition was duly presented by the said William P. Peterson to the District Court of the United States for the Western District of New York, praying for a discharge in bankruptcy of all the provable debts of the said William P. Peterson, and that the said William P. Peterson then resided at the city of Olean, Cattaraugus county, N. Y., in the said Western district of New York and within the jurisdiction of said court and district,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and that such proceedings were had in said court that, on the 18th day of December the said District Court of the United States for the Western District of New York duly granted unto the said William P. Peterson a discharge in bankruptcy, discharging all his provable debts, including the claim and judgment set forth in the petition and the claim upon which the said judgment is founded.

"The said defendant, further answering, denies that the said petitioner is, or was at the time when said petition was made and verified, a creditor of the estate of William P. Peterson, deceased, or that he had any valid claim against said estate.

"Wherefore the defendant demands that the petition be dismissed, with costs."

Section 2722 of the Code of Civil Procedure, under which this proceeding is instituted, provides:

"On the presentation of such a petition, the surrogate must issue a citation accordingly; and, on the return thereof, he must make such a decree in the premises as justice requires. But in either of the following cases the decree must dismiss the petition without prejudice to an action or an accounting, in behalf of the petitioner:

"1. Where the executor or administrator files a written answer, duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal and denying its validity or legality absolutely, or on information and belief."

The only question, then, to be determined, is whether or not the answer filed in this proceeding is of such a character as to demand the dismissal of the petition under the provisions of the section above quoted. The allegation of insufficient assets is not a sufficient answer to justify dismissal of the petition. The Surrogate's Court has the right to inquire, upon an application of this nature, into the question of the ability of the estate to meet the demand. Matter of Sherwood, 75 App. Div. 342, 78 N. Y. Supp. 186; Brown v. Phelps, 48 Hun, 219; affd., 113 N. Y. 658, 21 N. E. 415.

Do the other allegations of the answer constitute a denial of the validity or legality of the petitioner's claim and sufficiently set forth facts showing that it is doubtful whether the petitioner's claim is valid and legal? In construing the section of the Code above referred to, the Court of Appeals has held that:

"The citation brings in the executor not to plead or respond to the petition, but by a verified written answer to set forth affirmatively facts which show that it is doubtful whether the petitioner's claim is valid and legal, and also denying its validity or legality absolutely or upon information and belief. Both conditions must concur." Lambert v. Craft, 98 N. Y. 347; Matter of Macaulay, 94 N. Y. 574.

The answer filed distinctly denies the validity and legality of the claim, and in that respect is in conformity with the principle enunciated in the cases cited. Do the facts set forth in the answer show that the claim is doubtful? Are the facts upon which the assertion of invalidity is predicated of such a character that the Surrogate's Court has no jurisdiction to determine them?

The answer asserts, while not denying the original validity of the judgment, that such proceedings have been had, subsequently to the docketing of the judgment, that it has been discharged and is no longer a demand against the decedent or his estate; that proceedings were instituted in the District Court of the United States by the judg-

ment debtor for a discharge from all his provable debts and obligations; that such court had jurisdiction of the person and of the subject-matter; and that a decree of said court was duly rendered discharging the judgment debtor from the obligation in controversy. To try and determine the truthfulness of these allegations would involve an examination of the bankruptcy proceedings, the form and sufficiency of the petition filed therein, the various steps taken by the District Court in that matter, and all the details relating to the making of the final decree therein. It would also involve the question as to whether or not the judgment debtor had complied with the provisions of section 1268 of the Code of Civil Procedure. All these subjects of investigation are not within the jurisdiction of the Surrogate's Court.

In Matter of Wagner, 119 N. Y. 28, 23 N. E. 200, Judge Gray, in the opinion, says:

"I think we should hold it as the true exposition of the law in such cases, where an application is made to the surrogate for an order compelling the executor or administrator to file an inventory, or to render an account, and it appears, in answer to it, that the applicant can have no right to such an order, by reason of his interest having been satisfied and extinguished, by a settlement and distribution, whether in or out of court, or barred by a release or otherwise, and the factum of a settlement or of a release or any act constituting the bar, is put in issue by the reply of the applicant, that the surrogate should dismiss the petition and remit the applicant to his proceeding in a court having general equity powers to try out such issue. That power the surrogate does not possess."

This limitation on the power and jurisdiction of the Surrogate's Court is recognized and applied to proceedings under section 2722 of the Code. Matter of Randall, 152 N. Y. 508, 46 N. E. 945; Stilwell v. Carpenter, 59 N. Y. 414; Bevan v. Cooper, 72 N. Y. 317.

In McNulty v. Hurd, 72 N. Y. 518, Church, C. J., says:

"We think that there is a distinction between judgments against the testator or intestate and other claims. A judgment is an adjudication of the rights of the parties in respect to the claim involved. It cannot be disputed in the sense contemplated by the statute. It imports absolute verity. * * * As to the next inquiry above suggested, we are of the opinion that the surrogate may inquire into, and pass upon, payments made to apply upon such judgments, and determine the amount thereof. He may also determine who is the owner of the judgment and entitled to the money. * * * Beyond this the surrogate has no jurisdiction to try and determine questions in respect to the validity of judgments, * * * as if obtained by fraud, or where there has been an accord and satisfaction; and there may be other grounds for relief, such as is a set-off and the like, or the estate of the deceased may be entitled in equity to a release or discharge, either in whole or in part, from the judgment, and as to all these I can find no warrant in the statute for the exercise of jurisdiction by the surrogate to adjudicate them. To affirm such a power would open the door to a wide field of jurisdiction in law and equity by Surrogates' Courts not contemplated by the statute, inconsistent with the limited powers conferred, and in some cases subversive of the right of trial by jury."

Under these authorities, it is apparent that the answer filed in this proceeding raises issues which the surrogate has no jurisdiction to investigate or determine. Consequently the petition must be dismissed, without prejudice to the petitioner's right to resort to any legal proceedings for the enforcement of his demand. A decree will be accordingly entered.

Decreed accordingly.