ANTONIO PITZALIS, Individually and as Administrator of the Estate of CRESCENZO FALICOINE, Deceased, Plaintiff, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.

County Court, Oneida County, March, 1933.

*Harry N. Harrington*, for the plaintiff.

*Foley & Guile*, for the defendant.

HAZARD, J. While the alleged briefs on both sides each refer to " two policies of life insurance," the complaint, as a matter of fact, sets forth *three* separate policies, as follows: Policy No. 63009683, policy No. 63009684 and policy No. 64814213. These are set up as a first, second and third cause of action, respectively, and with reference to which it is claimed that the policies in question were issued to the decedent, and by him assigned to the plaintiff " in whose possession it has been ever since, and upon which plaintiff has paid the required stipulated premiums, and said plaintiff is now and has since been the owner of said policies." All three causes of action are stated in practically identical terms in the complaint. The purport of the motion is to compel the plaintiff to elect whether he will sue individually or in his representative capacity. The proposition is stated in the moving party's brief in this way: " Two separate and independent causes of action, one existing in favor of the plaintiff individually, and the other in a representative capacity, such as executor, cannot be joined in the

same complaint." It perhaps needs nothing further than the statement quoted above to show that the moving party's point is not well taken, because I do not think the situation presented by this complaint involves " two separate and independent causes of action," but rather one cause of action founded upon a single instrument, to wit, the contract or policy of insurance set forth separately as separate causes of action in the complaint. In support of the contention above quoted, the moving party cites two ancient cases, *Lucus* v. *New York Central Railroad Co.* (21 Barb. 245) and *Hall* v. *Fisher* (20 id. 441). I suppose we may assume that the cases were authority to the effect, as quoted in the headnote of the former case, that " a plaintiff cannot include in the same action claims in his individual right, and as administrator of another." Those cases were decided in 1855. That they are no longer good law, and have not been for some time, is made clear by the case of *Moss* v. *Cohen* (158 N. Y. 240, 247), a case which I think is controlling so far as this motion is concerned. However, if there is any doubt on the subject, the still more recent case of *Metropolitan Trust Co., etc.*, v. *Stallo* (215 N. Y. 710) should clear it up. That was a case in which the plaintiff sued as an individual and as administrator. There was certified to the Court of Appeals the question, " Is there a misjoinder of parties plaintiff," to which that court replied, " No." The second question certified was, "Are there separate causes of action alleged in the complaint that have been improperly united," to which the court replied, " No." Those answers are clearly decisive of this motion. Neither do I think that the claim of the plaintiff, individually, is " inconsistent " with his claim as administrator. This is made clear by the case of *Tuthill* v. *Skidmore* (124 N. Y. 148, at p. 155), where, as was pointed out, a claim by plaintiffs that they owned certain property, and another claim in the same complaint that they had a lien thereon, are inconsistent. No such situation exists here, the fact being that either in one capacity or another, or *perhaps in both*, the plaintiff *may be* entitled to recover from the defendant on the three policies; and I do not think that, assuming for the moment that the defendant may be responsible for the amount of that insurance, claimed to be a total of $900, it should be heard to complain that both the possible claims are joined in one person and in one action. Conceivably it may be true that the plaintiff individually has only a partial interest in the policies, and as to that, and as to what that percentage may be, need not, I think, necessarily be decided in this action at all. It is sufficient for the purposes of the defendant and the protection of its rights that all possible claims to this insurance are joined in this suit. By way of illustration, had the plaintiff been the assignee

of the insurance policies, but if he were not the administrator, clearly the defendant would be entitled to have the administrator brought in as a party, so that it need not be called upon to present any defenses which it might have to the policies in suit, or to any of them, in two different lawsuits. The situation is, so far as appears, that all possible claimants under the three contracts of insurance are here in court, fortuitously joined in one person; all of which presents a situation regarding which I do not think that the defendant company is in a position to object or complain.

The matter seems to be governed by section 209 of the Civil Practice Act, which would doubtless legalize the joining of an assignee and the personal representative of a decedent as plaintiffs if there were two separate persons; and it is not apparent that the rule should be any different, because of the accidental happening that the assignee and the personal representative happen to be the same individual.

It is perhaps to be regretted that some provision similar to that contained in what was section 1815 of the Code of Civil Procedure, now section 141 of the Decedent Estate Law, has not been enacted with reference to a *plaintiff* in such a situation as this. Clearly, I think section 141 would cover just such a case; but, perhaps unfortunately, it by its terms is confined to cases brought " *against* an executor or administrator, personally, and also in his representative capacity." No good reason is apparent why the principle should not apply to such a situation in the plaintiff, as well as in the defendant; and I think the cases above cited clearly legalize bringing such an action as this, with the plaintiff suing in both capacities.

The motion, therefore, must be denied, but with leave to the defendant to answer within a reasonable time after the signing and service of the order.