In the Matter of the Application of THE FARMERS AND MECHANICS TRUST COMPANY OF BATH, N. Y., for a Determination as to the Validity, Construction and Effect of the Disposition of Property Contained in the Last Will and Testament of ALICE L. SMITH, Deceased.

PER CURIAM. Section 71 of the Surrogate's Court Act provides that upon a trial before the surrogate, without a jury, the surrogate must file in his office his decision in writing which shall direct the decree to be entered, etc. No such decision appears in the record now before us. Without such decision the decree is defective and does not support an appeal. (*Matter of Widmayer*, 52 App. Div. 301. Compare *Sautter* v. *Frick*, 227 id. 760, and cases there cited.) All concur. Appeal dismissed, without costs, and matter remitted to the surrogate to supply the defect.

ANTONIO PITZALIS, Individually, and as Administrator, etc., of CRESCENZO FALICIONE, Deceased, Respondent, *v.* PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

PER CURIAM. Defendant is not proceeding strictly under rule 103, but is asking that plaintiff be compelled to elect between two causes of action claimed to be stated in his complaint and that thereafter the claimed cause of action not adopted be stricken from the complaint. In the circumstances we do not pass upon the sufficiency of the complaint wholly or partially. The causes of action claimed to be stated in plaintiff's individual and administrative capacities are not " consistent with each other." (Civ. Prac. Act, § 258.) It is the joinder of plaintiffs and their causes of action with which we are dealing. The causes of action are antagonistic. (*Hall* v. *Fisher*, 20 Barb. 441; *Lucas* v. *N. Y. C. R. R. Co.*, 21 id. 245; *Doyle* v. *Carney*, 190 N. Y. 386; *Gerseta Corp.* v. *Silk Assn. of America*, 220 App. Div. 302, 306; *Kelso* v. *Cavanagh*, 137 Misc. 653.) The distinction between the instant case and one wherein a recovery by plaintiff in either of the capacities mentioned is for the benefit of the estate and causes no confusion or unfairness to the defendant is made clear in *Moss* v. *Cohen* (158 N. Y. 240, 247). All concur, except Thompson and Crosby, JJ., who dissent and vote for affirmance, the latter on the ground that no cause of action was stated except in favor of the plaintiff individually and there is no occasion for an election. Order reversed, without costs of this appeal to either party, and motion granted, without costs. [146 Misc. 795.]